## HORWITZ et v. MURRI.

Ohio Appeals 8th Dist., Cuyahoga Co.

No. 8384. Decided Mar. 26, 1928.

Ferneding, PJ., Kunkle and Allread, JJ., of the 2nd Dist., sitting.

**First Publication of This Opinion.**

Syllabus by Editorial Staff.

1223. VACATION—of Judgment—557. Fraud and Deceit—829. Negligence.
1. Where judgment is rendered against indorser, on petition which contains no averment stating facts tending to charge such indorser with liability, and some of notes upon which such judgment is rendered are not yet due, securing of such judgment would involve a species of fraud, and would furnish ground for setting aside such judgment.

2. Negligence of clerk of court in advising defendant as to case pending against him, held to be ground for setting aside of judgment.

480. EVIDENCE.
In suit against executors of deceased person, fact that notes upon which suit is based were taken by agent, who is still living and is a witness, would admit testimony of plaintiff.

Error to Common Pleas.
Judgment affirmed.

Stanley & Horwitz, Cleveland, for Horwitz.
Geo. S. Myers, Cleveland, for Murri.

FULL TEXT.

KUNKLE, J.

The original action involved in this case arose upon the petition of Alexander Murri to set aside a judgment which had been procured by the said Louis Horwitz in his lifetime against Murri, and which judgment had been rendered at a former term of the court.

The grounds assigned for the impeachment of said judgment were:

First: That the judgment had been obtained by Louis Horwitz by fraud.

Second: That the judgment was obtained through a mistake or irregularity of the Clerk or ministerial officer of the court.

Under the head of fraud it is claimed that the petition in the original action did not state a cause of action against the defendant Murri.

It appears from an examination of the original petition that Murri was an endorser of the original notes; that no averment was made in the petition stating facts tending to charge the said Murri with liability by reason of such endorsement.

By the terms of the said notes none of them

except the first note was then due.

We, therefore, have a situation in which Murri, without any averment in the petition, as to the presentation of the notes, and so forth, was held as an endorser upon all of the notes including those not then due.

Judgment was rendered on the petition against the makers of the notes and also the endorsers thereof including Murri.

If the trial court had carefully examined the notes and petition, it would have appeared to the court in the original suit that no case was made out against Murri, and to secure a judgment on the notes under such circumstances would involve a species of fraud. This much may be said upon that branch of the case.

As to the negligence of the clerk or ministerial officer, we find that the defendant in error when served with summons in the original case, came to the Court House with the summons and made inquiry of the guard stationed in the lower part of the Court House, who advised him to see the Clerk of the Courts. Thereupon defendant in error went to the Clerk's office and saw a deputy and exhibited his summons, and after some investigation was directed to call upon the Assignment Commissioner. The Assignment Commissioner looked up the matter and informed the defendant in error that there was no case of that kind pending and advised him to forget it.

Defendant in error did so until his attention was called to a new suit that had been brought by plaintiff in error to marshal liens upon his, Murri's property.

It is claimed in the first place that the evidence of Murri was incompetent because he was suing the executors of a deceased person. This would be true except for the fact that the notes were originally taken by an agent who was still living and was a witness. In our opinion this would admit the testimony of Murri.

The court below, upon these two grounds held that the original judgment should be vacated, but that such order of vacation should be suspended pending a hearing upon the defense of Murri. We think the judgment of the court was supported by sufficient evidence and that such judgment should be affirmed.

Ferneding, PJ., and Allread, J., concur.